**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CAROL YVONNE CUNNINGHAM,                                Case No. 1:24-cv-662

     Plaintiff,                                                                      Cole, J.
                                                                                        Bowman, M.J.
     v.

ALLEN COOPER FAIRSTEAD MGMT LLC,

     Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, brings this pro se action against a New York property management company. By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed with prejudice, and that Plaintiff be made subject to pre-filing restrictions before she may file any new lawsuit pertaining to the same subject matter.

## I.  General Screening Authority

In enacting the original in forma pauperis statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as factually and legally frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. A complaint is factually frivolous when it contains "fanciful factual allegation[s]." *Neitzke*, 490 U.S. at 325. In other words, an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient

2

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Analysis

The undersigned takes judicial notice that since May 10, 2024, the same Plaintiff has filed eight civil rights cases *in forma pauperis*. Her previous seven cases have either been dismissed on initial screening, or have a pending Report and Recommendation ("R&R") that recommends sua sponte dismissal on initial screening. *See*, *e.g.*, *Cunningham v. Henry*, No. 1:24-cv-273-MWM-SKB (closed 7/2/24); *Cunningham v. Clark*, No. 1:24-cv-581-JPH-SKB (R&R pending); *Cunningham v. Cass*, No. 1:24-cv-582-

JPH-SKB (R&R pending); *Cunningham v. Molina My Care Ohio*, No. 1:24-cv-584-DRC-SKB (R&R pending); *Cunningham v. Miller*, No. 1:24-cv-603-MRB-KLL (closed 11/13/24); *Cunningham v. Beasley*, No. 1:24-cv-606-MWM-KLL (R&R pending); *Cunningham v. Bender*, No. 1:24-cv-607-MWM-KLL (R&R pending). In addition, the undersigned takes judicial notice that Plaintiff left blank a query on her complaint form in this case asking for a list of prior lawsuits, falsely implying to this Court that she has filed none. (See Doc. 1-1, PageID 7).

In two of Plaintiff's prior cases, *Cunningham v. Henry*, No. 24-cv-283-MWM-SKB and *Cunningham v. Cass*, No. 1:24-cv-582-JPH-SKB, Plaintiff's claims centered on notices of lease violations she has received for allegedly harassing another resident at her apartment complex. Plaintiff generally alleges that the notices are false. In the above-captioned complaint, Plaintiff seeks 5 million dollars in monetary damages based on the same allegedly false lease violation(s) made against her by an individual identified as "Jermisha Cass" or "Jermisha 'Henry' alias." (Doc. 1-1 at PageID 8). Construing her allegations liberally, the undersigned infers that Plaintiff is alleging that the New York based property management company named as a Defendant herein is the corporate owner or operator of her apartment complex and as such, should have responded to her prior complaints about the allegedly false notices. The complaint in this case also includes allegations relating to housing issues and various incidents that appear to have occurred when Plaintiff resided elsewhere.[1]

---

[1]Plaintiff's complaint is rambling and difficult to follow. In addition to the previously litigated December 13, 2023 lease violation, her allegations refer to notices dated in September 2024, apparently also authored by Jermisha Cass.

In order to make out a claim for a violation of civil rights under 42 U.S.C. § 1983, a plaintiff must satisfy two elements: "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir.2003) (citing *Ellison v. Garbarino,* 48 F.3d 192, 194 (6th Cir.1995) (internal quotation marks and citation omitted)). Here, Plaintiff's allegations do not indicate any deprivation of any right secured by the Constitution or federal law. Additionally, the Defendant appears to be a private management company, not a state official. In short, the above-captioned complaint provides no factual content or context from which the Court may reasonably infer that Defendant violated Plaintiff's civil rights either under 42 U.S.C. § 1983 or any other federal law. Therefore, the undersigned recommends dismissal for failure to state a claim.

As discussed above, the undersigned reasonably construes the basis of jurisdiction (which Plaintiff does not identify) as arising under federal law. But if any reviewing court were to instead consider Plaintiff's complaint as arising under diversity jurisdiction, the undersigned still would recommend dismissal for failure to state a claim under *Iqbal/Twombly* standards. At most, the complaint amounts to a confusing diatribe unsupported by plausible factual details that put the Defendant on fair notice of its alleged wrongdoing. Therefore, the complaint consists of no more than conclusory assertions that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Because this lawsuit constitutes Plaintiff's eighth legally frivolous lawsuit, and her third concerning the same allegedly false lease violation(s), the undersigned further

5

recommends that the Court declare Plaintiff to be vexatious. Plaintiff was previously

warned that a continuation of the same conduct will not be condoned by this Court. In

three prior R&Rs, the undersigned reasoned:

> At this point in time, the undersigned views Plaintiff as simply misguided
> rather than as vexatious. Nevertheless, she should be forewarned that filing
> any future complaint based on the same subject matter could result in a
> finding that she is a vexatious litigant who should be made subject to
> prefiling restrictions.

*See e.g.*, No. 1:24-cv-582-JPH-SKB (R&R at Doc. 4, PageID 50). The same three prior

R&Rs included this warning:

> Plaintiff should be forewarned that filing any future complaint based on the
> same subject matter could result in a finding that she is a vexatious litigant
> who should be made subject to prefiling restrictions[.]

*Id*.; *see also* No. 1:24-cv-581-JPH-SKB; No. 1:24-cv-584-DRC-SKB.

Although the presiding district judges have not yet adopted the R&Rs containing

the foregoing language, Plaintiff continues to initiate new frivolous lawsuits that

increasingly strain judicial resources. At this juncture, misguided or not, Plaintiff should

be declared to be vexatious. When a litigant fails to comprehend the basis for the prior

dismissals and continues to file additional lawsuits subject to dismissal on the same

grounds, a federal court may deem that litigant to be vexatious and impose an appropriate

sanction. *See Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 938-940 (6th Cir. 2002)

(affirming imposition of monetary sanctions and injunction that prohibited plaintiffs from

filing any civil lawsuit in federal court that included similar claims without written

permission); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998) ("There

is nothing unusual about imposing prefiling restrictions in matters with a history

of repetitive or vexatious litigation."); *Filipas v. Lemons*, 835 F.2d 1145 (6th

Cir.1987); *Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. Aug. 10, 2000) (Table) (upholding sanctions against pro se litigant who had repeatedly attempted to collaterally attack foreclosure and eviction, and was using the judicial system to harass and punish anyone who had anything to do with those actions). *See also, generally Matter of Chaban*, Case No. 2:17-cv-11139, 2017 WL 2544346 (E.D. Mich. June 13, 2017) (directing plaintiff to "show cause" under Bankruptcy Rule 8020 why the court should not sanction him for filing a fifth frivolous appeal of a bankruptcy court order).

## III.  Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT:**

1. This case should be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted;

2. Plaintiff should be declared to be "vexatious" based on her filing three separate lawsuits complaining of the same lease violations as to which dismissal has been recommended based on her failure to state any claim, as well as five additional civil rights lawsuits as to which this Court has either dismissed for failure to state a claim, or as to which a magistrate judge has recommended such dismissal;

3. Plaintiff should be again warned that the filing of any additional civil rights lawsuits deemed subject to sua sponte dismissal for failure to state any cognizable claim is highly likely to result in prefiling restrictions;

4. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation

would not be taken in good faith and therefore should deny Plaintiff leave to

appeal *in forma pauperis.*


          *s/Stephanie K. Bowman*____
          Stephanie K. Bowman
          United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CAROL YVONNE CUNNINGHAM,                          Case No. 1:24-cv-662

    Plaintiff,                                                      Cole, J.
                                                                         Bowman, M.J.
    v.

ALLEN COOPER FAIRSTEAD MGMT LLC,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9