UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CAROL YVONNE CUNNINGHAM,

      Plaintiff,

  v.

ALLEN COOPER FAIRSTEAD
MGMT LLC,

      Defendant.

Case No. 1:24-cv-662

JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## OPINION AND ORDER

Once again, Plaintiff Carol Yvonne Cunningham, proceeding pro se and in forma pauperis (IFP), is before this Court. *See Cunningham v. Molina My Care Ohio*, No. 1:24-cv-584, 2024 WL 4931867 (S.D. Ohio Dec. 2, 2024). Once again, the Magistrate Judge assigned to the case, exercising her authority under 28 U.S.C. § 1915(e)(2), screened Cunningham's Complaint for failure to state a claim upon which relief may be granted. And once again, the Magistrate Judge's resulting Report and Recommendation (R&R, Doc. 4) concludes that the Complaint fails that screening and should be dismissed with prejudice. Only one thing changed: this time around, the R&R also recommends that the Court designate Cunningham as a vexatious litigant, subjecting her to pre-filing requirements in future cases. (*Id.* at #32). For the reasons briefly laid out below, the Court **ADOPTS** the R&R insofar as it dismisses this case with prejudice, but declines to declare Cunningham a vexatious litigator *yet*.

Cunningham's complaints—now stretching across eight dockets[1] in this District, including this Court's—run the narrative gamut. In *Molina My Care*, she presented this Court with allegations that her identity had been stolen by her erstwhile health insurer, as evidenced by (among other things) a "photo of a FedEx receipt that lists President Joe Biden as the recipient of some unknown package." 2024 WL 4931867, at *1 n.1.

The Complaint in this case tells a different, though equally troubling, story. Defendants Allen Cooper and Fairstead Management, LLC,[2] allegedly failed to heed Cunningham's repeated attempts to dispel the "horrendous lies" a fellow resident, Jermisha Cass, told them. (*See* Doc. 3, #21–22). Those alleged lies included complaints that Cunningham had "verbally harassed" other residents. (*Id.* at #21). Based on Defendants' acceptance of those allegations in the face of Cunningham's

---

[1] In the past year, Cunningham has filed seven other suits, all of which have either been dismissed with prejudice, or have a pending R&R that recommends such dismissal (and are awaiting district court action). *See Cunningham v. Henry*, No. 1:24-cv-273, 2024 WL 3273840 (S.D. Ohio July 2, 2024) (dismissed with prejudice); Compl., *Cunningham v. Clark*, No. 1:24-cv-581 (S.D. Ohio Oct. 29, 2024) (recommended for dismissal with prejudice); Compl., *Cunningham v. Cass*, No. 1:24-cv-582 (S.D. Ohio Oct. 29, 2024) (recommended for dismissal with prejudice); *Cunningham v. Molina My Care Ohio*, No. 1:24-cv-584, 2024 WL 4931867 (S.D. Ohio Dec. 2, 2024) (dismissed with prejudice); *Cunningham v. Miller*, No. 1:24-cv-603, 2024 WL 4767040 (S.D. Ohio Nov. 13, 2024) (dismissed with prejudice); *Cunningham v. Beasley*, 1:24-cv-606, 2024 WL 5158421 (S.D. Ohio Dec. 18, 2024) (dismissed with prejudice); Compl., *Cunningham v. Bender*, No. 1:24-cv-607, 2025 WL 27462 (S.D. Ohio Jan. 3, 2025) (dismissed with prejudice).

[2] Cunningham named "ALLEN COOPER FAIRSTEAD MGMT LLC" as the sole Defendant in this case. (Doc. 3, #17). But the rest of the Complaint makes clear that Allen Cooper and Fairstead Management, LLC, are different entities. (*E.g., id.* at #19 (describing her communications with the two separately)). It appears that Fairstead Management, LLC (the property management company for the building in which Cunningham lived) employed Cooper (an individual person). (*See generally id.*). That being the case, the Court will refer to the two as separate entities in keeping with the Complaint's allegations, if not its caption.

protestations, they served her with two lease-violation notices. (*Id.* at #19). Aside from the notices, Cunningham doesn't allege the Defendants took any actions against her. Even so, she claims to be living under a "reign of terror," and demands redress through a monetary award of $5,000,000 against Fairstead and $700,000 against Cooper. (*Id.* at #21–22).

As noted, Cunningham sought leave to pursue this action IFP. (Doc. 1). In connection with granting that motion, the Magistrate Judge also exercised her authority to screen the Complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Based on her review, she issued an R&R concluding that the Complaint fell short. (Doc. 4, #32). As a result, she recommended that the Court dismiss the Complaint with prejudice and designate Cunningham a vexatious litigant in light of the seven similarly unfounded lawsuits she has previously filed in this District and the numerous warnings she'd received that further filings would incur such a sanction. (*Id.*).

The R&R included a notice informing the parties that failure to object to its conclusions within fourteen days may result in forfeiture of certain rights, including the right to de novo review by this Court. *(Id.* at #34); *see Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("[F]ail[ure] to file an objection to the magistrate judge's R & R ... [constitutes a] forfeiture." (emphasis omitted)). No party objected to the R&R.

3

Despite the lack of objection, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

The statute on which the Magistrate Judge relied, 28 U.S.C. § 1915(e)(2)(B), requires a court, at any time, to dismiss a case that it determines (1) "is frivolous or malicious," (2) "fails to state a claim upon which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." In determining whether a pro se complaint falls within one of those categories, the Court applies a less stringent standard that it would to pleadings drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But the complaint still "must contain either direct or inferential allegations respecting all the material elements to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (cleaned up). That is, liberal construction goes only so far—pro se litigants are not "exempt from basic pleading essentials." *Stansberry v. Theater*, No. 24-3543, 2024 WL 5135825, at *1 (6th Cir. Dec. 10, 2024) (citation omitted).

Here, the Magistrate Judge faced an uphill battle in deciphering how to screen the Complaint for failure to state a claim, owing to the absence of any specified cause

4

of action.[3] (*See* Doc. 4, #30). Given that lack of clarity, she considered the Complaint under two reasonable alternative understandings. First, she treated Cunningham as intending to allege a federal cause of action under 42 U.S.C. § 1983. (*Id.*). Second, she addressed the possibility that Cunningham instead intended to advance a state-law claim, relying on the Court's diversity jurisdiction. (*Id.*). She concluded, though, that the Complaint could not proceed on either path. As to the former, the Magistrate Judge found that the Complaint failed to identify a "deprivation of a right secured by the Constitution or laws of the United States" that "was caused by a person acting under color of state law" as required to state a claim under § 1983. (*Id.* (quoting *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). And with respect to the diversity jurisdiction state-law claim, she found that the Complaint amounted only to a "confusing diatribe unsupported by plausible factual details." (*Id.*).

The Court can discern no error—let alone clear error—with either conclusion. Upon its own review of the Complaint, the Court can find neither any allegations of constitutional or federal statutory wrongdoing, nor any information to support the

---

[3] Take as an example the civil cover sheet Cunningham filed along with her complaint. (Doc. 3-1, #25). Though not a substitute for a Complaint, it's a standard form "required for the use of the Clerk [] for the purpose of initiating the civil docket," and summarizes the essential aspects of a plaintiff's case: the alleged basis for the court's jurisdiction, the parties' citizenship, the legal nature of the claims, and other bits and bobs. (*See id.*). But even when given the generous reading appropriate for pro-se filings, Cunningham's civil cover sheet is devoid of any helpful details. Start with her asserted "basis for jurisdiction": she checked the box for "U.S. Government Plaintiff," even though there's no such plaintiff here. (*Id.*). Then consider the "Citizenship of Principal Parties" section, where she correctly identifies herself as an Ohio citizen, but also curiously indicates that Fairfield is an Ohio corporation (which, if true, would destroy any basis for diversity jurisdiction). (*Id.*). And last, but certainly not least, when prompted to cite the federal statute entitling her to relief, she wrote "Lease Violation—Attacking Resident With a Weapon." (*Id.*). The Court's review of the United States Code yields no such statute directed to that subject matter.

inference that Defendants acted under color of state law. *See also Molina My Care*, 2024 WL 4931867, at *2–3 (discussing how similarly undetailed allegations made by Cunningham failed to state a claim under § 1983). That dooms a § 1983 claim. The same goes for any state-law claim, whatever it may be. Indeed, the Court is aware of no state-law cause of action that would entitle a tenant-Plaintiff to damages based on her landlord-Defendant's decision to privilege a cotenant's account of the truth over hers in a lease dispute.

But one other potential theory bears mentioning. Cunningham's civil cover sheet indicates that the "nature of [her] suit" is as a claim for "civil rights," specifically as they relate to "housing [and] accommodations." (Doc. 3-1, #25). That can certainly be interpreted, as the Magistrate Judge did, as describing a § 1983 claim against a state actor for deprivation of a federal statutory right involving housing. But it can also be interpreted as a federal statutory claim against a *private* entity under any of various federal housing statutes. *See Fair Housing and Related Laws*, U.S. Dep't Hous. & Urb. Dev. (last accessed Jan. 16, 2025), https://perma.cc/YQ3W-6NBY. Indeed, that interpretation fits more naturally in this case, as the Defendants appear to be private entities and Cunningham doesn't allege that they acted under color of state law. But this alternative interpretation is plagued by the same problem that arises when treating Cunningham's Complaint as raising a state-law claim: to the Court's knowledge, no federal housing statute prohibits a landlord from crediting one tenant's version of events over another's when resolving an inter-tenant dispute (unless the landlord's actions in so doing are discriminatory in one of several legally

6

relevant ways, none of which Cunningham alleges here). Certainly, Cunningham has identified no such statute.

Regardless of how the Court interprets the Complaint, then, the result is the same: the Court agrees with the Magistrate Judge's recommendation that this case should be dismissed with prejudice under 28 U.S.C. § 1915.

But in addition to dismissal, the Magistrate Judge recommended that the Court designate Cunningham a vexatious litigant. She noted that this is "Plaintiff's eighth legally frivolous lawsuit, and her third concerning the same allegedly false [lease-violation notices]." (Doc. 4, #30–31). On top of that, the Magistrate Judge had already warned Cunningham in three of those previous lawsuits that "filing any future [frivolous] complaint … could result in a finding that she is a vexatious litigant who should be made subject to prefiling restrictions[.]" (*Id.* at #31 (second modification in original)). Indeed, this Court issued a warning of its own that filing "any future suits that are legally frivolous" would result in a vexatious-litigant designation. *Molina My Care*, 2024 WL 4931867, at *3. But here's the rub. In that opinion, the Court referred to "future suits." And at the time the Court issued that opinion, Cunningham had already filed this suit. So, while the Court could rely on the Magistrate Judge's previous (repeated) warnings to Cunningham, the Court instead will stand by its earlier admonition. That said, given the volume of judicial resources required to screen Cunningham's numerous complaints, the Court will not hesitate to find her a vexatious litigant in response to any future frivolous filings. (In

7

an abundance of caution, the Court checked the docket, and Cunningham currently has no additional suits pending.)

In sum, the Court **ADOPTS** the R&R (Doc. 4) as to the merits of this case, and thus **DISMISSES** the Complaint (Doc. 3) **WITH PREJUDICE** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). But the Court declines to declare her a vexatious litigant at this time. Beyond that, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thus **DENYING** Cunningham leave to appeal IFP. But as a non-prisoner, Cunningham may nonetheless apply to proceed IFP in the Sixth Circuit Court of Appeals. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-98, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024). Finally, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATES** this case on its docket.

**SO ORDERED.**

January 27, 2025
 **DATE**

 **DOUGLAS R. COLE**
 **UNITED STATES DISTRICT JUDGE**